Eastern District of Kentucky
**FILED**
NOV 14 2012
AT Lexington
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| DEBBIE MAYES, ) | |
| ) Plaintiff, ) | |
| ) v. ) | Case No.: 6:12cv224 |
| ) ALLIED INTERSTATE, LLC f/k/a ALLIED ) INTERSTATE, INC., ) | COMPLAINT AND DEMAND FOR JURY TRIAL |
| ) Defendant. ) ) | (Unlawful Debt Collection Practices) |

DEBBIE MAYES, ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA.")

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Kentucky, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5.  Plaintiff is a natural person residing in Middlesboro, Kentucky 40965.

6.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.  Defendant is a national debt collection company with its corporate headquarters located at 335 Madison Ave, 27th Floor, New York, New York 10017.

8.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.  At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to a Sallie Mae student loan.

11.  The debt arose out of transactions that were primarily for personal, family, or household purposes.

12.  The debt could have only been personal in nature, as Plaintiff owes no business debt.

13.  During November 2011, Defendant's collectors, including "Nazir" (phonetic), placed continuous harassing telephone calls to Plaintiff's cellular telephone.

14.  Defendant's harassing collection calls originated from numbers including, but not limited to (866) 427-0436. The undersigned has confirmed that this number belongs to Defendant.

15.  During this time, Plaintiff received, on average, more than two calls a day from

Defendant.

16. On at least one occasion in November 2011, Defendant's collector threatened to (1) garnish Plaintiff's wages, (2) take legal action against her, and (3) to report this debt to the credit reporting agencies.

17. Upon information and belief, Defendant did not intend on taking any of the threatened action, and made the statements to coerce payment from Plaintiff.

18. On several occasions Defendant contacted Plaintiff on her cellular telephone while she was working. Each time, Plaintiff advised Defendant that she could not receive calls while at work and to stop calling her during her work hours. However, Defendant ignored Plaintiff's request, and continued to contact her while she was at work.

19. Upon information and belief, Defendant engaged in the practice of calling Plaintiff at work in part to cause problems between her and her employer, hoping that such calls would result in payment of the debt.

20. Defendant's repeated harassing calls and threats were made with the intent to abuse, harass and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

21. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from communicating with consumers at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

22. Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff repeatedly and continuously on her cellular telephone during work hours after being advised that it was inconvenient for Plaintiff to receive calls on her cellular phone while at work.

## COUNT II
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

23. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

24. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it called the Plaintiff on her cell phone at work even after she told them to stop calling her because she could not take calls from Defendant at work, when it threatened Plaintiff with legal action and threatened to garnish her wages, when it threatened to report Plaintiff to the credit reporting agencies, and when it engaged in other harassing or abusive conduct.

## COUNT III
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

26. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT IV
## DEFENDANT VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representations or means in connection with the collection of any debt.

28. Defendant violated § 1692e of the FDCPA when it threatened to garnish Plaintiff's wages, when it threatened to take legal action against Plaintiff, when it threatened to report Plaintiff to the credit reporting agencies without the intent to take such action, and when it made other false, deceptive or misleading representations.

## COUNT V
## DEFENDANT VIOLATED § 1692e(4) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692e(4) of the FDCPA prohibits debt collectors from making the false representation or implication that nonpayment of a debt will result in the garnishment of any property or wages.

30. Defendant violated § 1692e(4) of the FDCPA when it threatened to garnish Plaintiff's wages without the intent to take such action.

## COUNT VI
## DEFENDANT VIOLATED § 1692e(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31. Section 1692e(5) FDCPA prohibits debt collectors from threatening to take an action that cannot legally be taken or which is not intended to be taken.

32. Defendant violated § 1692e(5) of the FDCPA when it threatened to garnish Plaintiff's wages and to bring a lawsuit against Plaintiff when it lacked the intent to take such action.

5

PLAINTIFF'S COMPLAINT

## COUNT VII
## DEFENDANT VIOLATED § 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

34. Defendant violated § 1692e(10) of the FDCPA when it threatened to garnish Plaintiff's wages, when it threatened to take legal action against Plaintiff, and when it threatened to report Plaintiff to the credit reporting agencies without the intent to take such action, and when it made other false, deceptive or misleading representations.

WHEREFORE, Plaintiff, DEBBIE MAYES, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff DEBBIE MAYES, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 11/13/12

KIMMEL & SILVERMAN, P.C.

By: _____
Amy L. Bennecoff, Esq.
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: 215-540-8888
Fax: 215-540-8817
abennecoff@creditlaw.com

Attorney for the Plaintiff